IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TONY A. GUZMAN, )
)
    Plaintiff, )
) C.A. No. 8-265
vs. )
)
FARMERS NEW CENTURY INSURANCE, )
INC., )

    Defendant.

AMBROSE, Chief District Judge.

## OPINION AND ORDER

### OPINION

This action for declaratory judgment, which involves Plaintiff's claim of entitlement to insurance coverage, was removed to this Court from the Court of Common Pleas of Fayette County. The action involves the denial of coverage based on an exclusion in the pertinent insurance policies, and implicates the Pennsylvania Motor Vehicle Financial Responsibility Law. Defendant timely removed the action based on diversity of citizenship.

Plaintiff argues that the exercise of jurisdiction would be based on the Declaratory Judgment Act (the "Act"), 28 U.S.C. § 2201.[1] Defendant argues, instead, that this matter is based on diversity of citizenship. The Act, alone, does

---

[1]Although Plaintiff brought his claim under Pennsylvania's Declaratory Judgment Act, federal declaratory judgment standards would apply in this Court. Chirik v. T.D. Banknorth, No. 06-04866, 2008 U.S. Dist. LEXIS 3939, at *17 (E.D. Pa. Jan. 15, 2008).

not provide grounds for subject matter jurisdiction.  <u>United States v. Pennsylvania Dep't of Envtl. Resources</u>, 923 F.2d 1071 (3d Cir. 1991).  The Act confers upon a court the discretion to decide whether to declare the rights of litigants.  <u>Valley Forge Ins. Co. v. Melodini</u>, No. 8-48,  2008 U.S. Dist. LEXIS 7146 (W.D.Pa. Jan. 28, 2008).  Broadly speaking, Plaintiff suggests that the absence of federal issues is important to his motion.[2]

I agree with Plaintiff's suggestion. "The state's interest in determining issues of state law...weighs against exercising jurisdiction in declaratory judgment actions." <u>Atlantic Mut. Ins. Co. v. Gula</u>, 84 Fed. Appx. 173, 175 (3d Cir. Pa. 2003). Importantly, "[t]he central question is whether the controversy may 'better be settled' in the state court ..." <u>Id.</u> at 174. I note that the case involves no federal issues; the issues present no matter of federal concern; and the case involves only matters of state law.  As my colleague on this Court has stated, in a similar case, "[t]hese factors weigh heavily against exercising jurisdiction over this action." <u>Melodini</u>, 2008 U.S. Dist. LEXIS 7146, at *4.  Under the circumstances, I am persuaded that the Fayette County courts are best equipped to determine the issues presented in this matter.  Given the discretionary nature of the Act,

---

[2]Primarily, Plaintiff argues that pertinent state law is unsettled, while Defendant argues that state law is settled and certain.  This argument stems from <u>State Auto Ins. Cos. v. Summy</u>, 234 F.3d 131 (3d Cir. 2000), in which our Court of Appeals identified several "relevant considerations" to the exercise of that discretion in an insurance case, which, in pertinent part, "counsel hesitation by federal courts in exercising jurisdiction over declaratory judgment actions when the state law involved is close or unsettled." <u>Id.</u> at 135.   Even if state law is certain, however, other factors may render the underlying matter best decided by the state court.  See <u>Gula</u>, 84 Fed. Appx. At 175.  Indeed, "where the state law is firmly established, there is even less reason for resort to the federal courts."  <u>Web.Com, Inc. v. Federated Ins. Co.</u>, No. 6cv1032, 2007 U.S. Dist. LEXIS 90889, at *7 (W.D. Pa. Dec. 11, 2007).

matters best decided by the state courts, even if properly removed based on diversity, may be remanded. Cf. Del Suppo, Inc. v. Nautilus Ins. Co., No. 7-952, 2007 U.S. Dist. LEXIS 60199 (W. D. Pa. Aug. 16, 2007). None of the exceptions to such discretion are present in this case, and remand is appropriate. See id. at *5.

**ORDER**

AND NOW, this 25th day of April, 2008, it is hereby ORDERED, ADJUDGED, and DECREED that Plaintiff's Motion to Remand (Docket No. [10]) is GRANTED, and this matter is remanded to the Court of Common Pleas of Fayette County. The clerk shall mark this matter CLOSED forthwith.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Chief Judge, U.S. District Court

.